ACCEPTED
04-14-00809-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/7/2015 3:28:32 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00809-CR

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

4/7/2015 3:28:32 PM

KEITH E. HOTTLE
Clerk

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

---

**Ex parte GEORGE GARCIA**,
Appellant

---

Trial Court No. 2000CR5603W
Appeal from 144th District Court
of Bexar County, Texas
Hon. Andrew W. Carruthers, Judge Presiding

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Appellate Attorney
Bexar County Public Defender
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ORAL ARGUMENT WAIVED

ATTORNEY FOR APPELLANT

## Identity of Parties and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the parties are:

**THE APPELLANT:**
GEORGE GARCIA
c/o Laura Garcia
507 Viendo Street
San Antonio, TX 78201

**THE APPELLANT'S ATTORNEYS:**
**For the underlying plea-entry hearing:**
Carlos Lopez (State Bar No. 12562950)
Castle Hills Building
1100 N.W. Loop 410, Suite 102
San Antonio, TX 78213

**For the Writ Application and related hearings:**
Shannon Salmon-Haas
202 E. Locust
San Antonio, TX 78212

**On Appeal:**
Richard B. Dulany, Jr. (State Bar No. 06196400)
Appellate Attorney
Bexar County Public Defender's Office
101 W. Nueva St., Ste. 310
San Antonio, TX 78205

**THE STATE'S ATTORNEYS:**
**For the plea-entry hearing:**
John (last name unreadable)
Assistant District Attorney
Paul Elizondo Tower
101 W. Nueva, Fourth Floor
San Antonio, TX 78205

**For the Writ Application and related hearings:**
Joshua Sandoval (State Bar No. 24079891)
Assistant District Attorney

Paul Elizondo Tower
101 W. Nueva, Fourth Floor
San Antonio, TX 78205

**On Appeal:**
Nicholas LaHood, Bexar County District Attorney
(and his appellate section)
Bexar County District Attorney's Office
Appellate Division
101 W. Nueva St., Ste. 710
San Antonio, TX 78205

**THE TRIAL COURT:**
**For the underlying plea-entry hearing:**
Hon. Pat Priest, (now Senior District Judge)
c/o Criminal District Court Administration
Paul Elizondo Tower
101 W. Nueva St., Suite 301
San Antonio, TX 78205

**For the Writ Application and related hearings:**
Hon. Andrew W. Carruthers
Criminal Law Magistrate
Cadena-Reeves Justice Center
300 Dolorosa, Second Floor
San Antonio, TX 78205

# Table of Contents

Page

Identity of Parties and Counsel ..................................................................................ii-iii

Table of Contents .........................................................................................................iv

Table of Authorities ................................................................................................. v-vi

A Note on Record References.................................................................................... vii

Certificate of Compliance ........................................................................................ vii

Statement of the Case.............................................................................................. 1-2

No Meritorious Issues Presented for Review ...........................................................2

> Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel for Appellant has diligently searched the record and upon researching all applicable law has determined that this appeal is without merit and frivolous.

Summary of Facts ................................................................................................... 3-8

Summary of the Argument........................................................................................8

Summary of the Facts Pertinent to *Anders v. California*.........................................9

Argument and Authorities.................................................................................... 10-16

Conclusion ............................................................................................................ 16-17

Prayer .......................................................................................................................18

Certificate of Service ...............................................................................................19

Appendix ...................................................................................................................20

# Table of Authorities

**Cases**

*Anders v. California*, 386 U.S. 738 (1967) ......................................................... passim

*Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) ...................................15

*Chaidez v. United States*, ––– U.S. ––––, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013)

.........................................................................................................................12

*Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013)...................12

*Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011) ...........................10

*Ex parte Luna*, 401 S.W.3d 329, 334 (Tex. App.–Houston [14th Dist.] 2013, no

pet.) .................................................................................................................13

*Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) ..........................13

*Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983)...........................14

*Ex parte Roldan*, 418 S.W.3d 143,146 (Tex. App. –Houston [14th Dist.] 2013, no

pet.) .................................................................................................................13

*Ex parte Sudhakar*, 406 S.W.3d 699, 702 (Tex. App.–Houston [14th Dist.] 2013,

pet. ref'd) ........................................................................................................13

*Ex parte Villanueva*, 250 S.W.3d 391, 397 (Tex. Crim. App. 2008) ......................10

*Ex parte Wilson*, 724 S.W.2d 72 (Tex. Crim. App. 1987)......................................15

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) ...............................10

*Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)............................14

*Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999) ................................ 15

*High v. State*, 537 S.W.2d 807 (Tex.Crim.App. 1978) .................................. iv, 2, 17

*Johnson v. United States*, 360 F.2d 844, 846 n. 2 (D.C. Cir. 1966) ........................ 16

*Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) .......................................... 17

*McMahon v. State*, 528 S.W.2d 771, 772 (Tex. Crim. App. 1975) ......................... 17

*Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) passim

*Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) ........................... 15

*State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013) ................... 10, 12

*State v. Jimenez*, 987 S.W.2d 886, 887–88 (Tex. Crim. App. 1999) ....................... 13

*Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986) ......................... 14

## Statutes

TEX. CRIM. PROC. ANN. art. 11.072 (West 2005) ................................................. 2, 10

## A Note on Record References

The reporter's record is one volume, from the hearing on the application for writ of habeas corpus. Reference to the reporter's record will be: (RR at ___ ). The clerk's record is one volume, plus two supplemental volumes. Reference to the main volume of the clerk's record will be: (CR at ___ ). The first supplemental clerk's record was filed on January 23, 2015. Reference to it is:  (SCR at ___ ). The findings of fact and conclusions of law were filed as a second supplemental clerk's record on March 10, 2015. Reference to it will be: (FFCL at ___ ).

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(1) & (i)(2)(B), the word count, from the beginning of the Summary of Facts until, but excluding, the signature block, is: 3,508. The total word count is 5,117.

TO THE FOURTH COURT OF APPEALS OF TEXAS:

The undersigned attorney submits this brief in support of his motion to withdraw. This is an appeal from Appellant's writ application seeking to withdraw his no contest plea (entered on November 3, 2000) on grounds that it was involuntary because plea counsel allegedly failed to inform him of the immigration consequences of his plea. After an evidentiary hearing, the trial court denied the relief sought. Appellant now appeals from the trial court's ruling denying relief.

## Statement of the Case

The Appellant, George Garcia, waived indictment and consented in writing to be charged by information with possession of cocaine in an amount less than one gram or more, a State Jail felony. (CR at 6, 8). The information alleged that the offense was committed on or about June 17, 2000. (CR at 8). On November 3, 2000, Appellant entered a negotiated no-contest plea to the charged offense. (CR at 14-16, 19). The trial court, the Honorable Pat Priest presiding, followed the terms of the plea agreement, deferred adjudication of guilt, and placed Appellant on community supervision for two years. (CR at 16, 30-36). The term of community supervision began on December 7, 2000. (CR at 30). The clerk's record reflects that Appellant's term of deferred-adjudication probation was terminated "unsatisfactorily" on December 17, 2002, because he was "[d]eported on 2-16-01[,]" and also owed $1,812.25 in unpaid fines and fees. (CR at 37).

On July 25, 2014, Appellant filed an application for writ of habeas corpus seeking to withdraw his no-contest plea on grounds that his plea counsel rendered ineffective assistance because he allegedly failed to advise Appellant that he would be deported as a result of the plea. (CR at 39-45). The writ application was filed under Article 11.072 of the Code of Criminal Procedure. TEX. CRIM. PROC. ANN. art. 11.072 (West 2005). The trial court referred the matter to the criminal law magistrate. (CR at 38). An evidentiary hearing was held on October 23, 2014, and the relief sought was denied. (RR at 1, 41)(SCR at 3).

On November 20, 2014, Appellant timely filed a notice of appeal from the denial of habeas relief. (CR at 47). On February 11, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant on appeal. The trial court subsequently filed written Findings of Fact and Conclusions of Law. This appeal follows.

### No Meritorious Issues Present for Review

In compliance with the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), the undersigned, court-appointed attorney states that he has diligently reviewed the entire record in this cause and the law applicable thereto, and, in his opinion, has determined that this appeal is wholly frivolous and without merit in that the record

2

reflects no reversible error, and no issues for review upon which an appeal may be predicated.

## Summary of Facts

More than fourteen years ago, George Garcia, the Appellant, was charged with possession of cocaine in an amount less than one gram or more, a State Jail felony. (CR at 6, 8). He waived indictment and consented in writing to be charged by information. The information alleged that the offense was committed on or about June 17, 2000. (CR at 8). On November 3, 2000, Appellant entered a negotiated no-contest plea to the charged offense. (CR at 14-16, 19). The plea paperwork, which Appellant signed, includes an admonishment that Appellant understood that he could be deported as a consequence of his no-contest plea. (CR at 14). The trial court, the Honorable Pat Priest presiding, followed the terms of the plea agreement, deferred adjudication of guilt, and placed Appellant on community supervision for two years. (CR at 16, 30-36).

The term of community supervision began on December 7, 2000. (CR at 30). Condition Number 38 of the "Terms and Conditions of Community Supervision" required Appellant to "…immediately leave the United States of America either voluntarily or be deported by Constituted Legal Authority." (CR at 35). That condition also prohibited Appellant from illegally re-entering the United States. (CR at 35). The clerk's record reflects that Appellant's term of deferred-

adjudication probation was terminated "unsatisfactorily" on December 17, 2002, because he was "[d]eported on 2-16-01" and also owed $1,812.25 in unpaid fines and fees. (CR at 37).

Almost fourteen years later, on July 25, 2014, Appellant filed an Application for Writ of Habeas Corpus seeking to withdraw his no-contest plea. (CR at 39). In his writ application, he states that his plea attorney told him that his no-contest plea "would not negatively affect his immigration status." (CR at 40). Through counsel, Appellant also claims that he "was completely unaware that he would be deported as a result of the plea." (CR at 40). Appellant thus asserts that his plea was not voluntary because he received ineffective assistance from his plea counsel. (CR at 44). But in his writ application, Appellant concedes that the trial court judge gave him the following admonishment at sentencing, on December 7, 2000: "These circumstances, as you were sworn when you entered your plea, are such that you are probably now going to be deported by the U.S. government." (CR at 40). Appellant states that he was, in fact, taken into "INS custody" immediately after sentencing. (CR at 40).

The writ application was referred to the Criminal Law Magistrate, the Honorable Andrew W. Carruthers, for an evidentiary hearing. (CR at 38). That hearing was held on October 23, 2014. (RR at 1). **Laura Ramirez** was Appellant's first witness. Ramirez explained that she was formerly married to Appellant, for 20

4

years, and has known him for 26 years. (RR at 6). She was surprised that Appellant was taken into custody after the sentencing hearing, on December 7, 2000. (RR at 8). She thought he had a deal for probation and would be back home that evening. (RR at 8). Ramirez believed Appellant didn't know he was going to be deported. She said he would have made appropriate arrangements with her to care for their children and house if he knew he couldn't come back home after his court appearance. (RR at 9-10). Ramirez also said that Appellant's plea attorney advised him that he wouldn't have any immigration problems. (RR at 12). Ramirez herself said she became aware of the immigration consequences of Appellant's no-contest plea only after she and Appellant hired an immigration attorney, a year or two after he was deported. (RR at 14).

On cross examination, Ramirez conceded that she never talked with Appellant's plea attorney and was not present when Appellant met with him. (RR at 20-21). She did not know what that attorney actually told Appellant. (RR at 21). She was also not present when Appellant entered his no-contest plea. (RR at 21).

The Appellant, **George Garcia**, was the only other witness to testify at the hearing. (RR at 24). He testified through an interpreter. (RR at 24). Appellant said that in 2000, he hired attorney Carlos Lopez to represent him on his drug possession case. (RR at 25). Appellant told Lopez that he was a Legal Permanent Resident and was concerned about being deported. (RR at 25). Appellant claimed

5

that Lopez told him that "everything was going to be fine." (RR at 26). But at the "final court date," which was presumably the sentencing held on December 7, 2000, Appellant again asked Lopez if he would have immigration "problems." Lopez said, "I don't know." (RR at 26). According to Appellant, the judge then told him he had 24 hours to leave the United States. (RR at 26). Right after the sentencing hearing, probation officers also told him that he had to leave the country. Appellant said he was arrested by the immigration officer that same day, as he was leaving the probation office. (RR at 26).

Appellant said he did not know that he had a right to have a jury trial. (RR at 28). He testified that he "would have fought my case" if he had known that he was going to be deported. (RR at 28). He did not believe his plea was voluntary because he didn't know the consequences of his plea and "…didn't have knowledge of the law…." (RR at 29). When asked if he reads and writes English, Appellant answered, "Very little. Almost none." (RR at 29).

On cross examination, Appellant claimed that he did not remember the admonitions that the judge gave him before accepting his plea. (RR at 32). Appellant said, "[e]verything was very fast in the courtroom." (RR at 32). He was assisted by an interpreter. (RR at 32). Appellant said he understood everything that was translated for him, but claimed he never heard that he could have a jury. (RR at 33). He didn't remember if anyone told him that he could have a jury trial, but

insisted he would have "gone to trial" if he knew that were an option. (RR at 34). Appellant said that the judge at his plea told him "like two or three times" that he had to leave the United States in 24 hours. (RR at 35). But Appellant entered his plea anyway because his attorney told him he would "have probation." (RR at 35).

The trial court took judicial notice of the written admonishments contained in the court's file. (RR at 37). The trial court specifically noted that admonishment number seven said that Appellant could be deported as a result of his plea. (RR at 37). The trial court also noted that Appellant signed the admonishment. (RR at 37-38).

Appellant's writ counsel argued that plea counsel was unconstitutionally ineffective because he failed to inform Appellant of the consequences of his plea. (RR at 39). The prosecutor countered that Appellant was properly admonished regarding the possible effects the plea would have because of his status as a non-citizen. (RR at 40). Even if Appellant's attorney failed to advise him properly, he was advised properly by the judge. (RR at 41). The trial court denied the relief sought. (RR at 41).

The trial court subsequently entered written Findings of Fact and Conclusions of Law. (FFCL at 3-5). The trial court noted that Appellant was admonished in writing that he could be deported as a result of his plea, and noted that Appellant signed the admonitions. (FFCL at 3-4). Under the "Conclusions of

7

Law," the trial court correctly notes that Appellant had the burden of proving the allegations in his writ application by a preponderance of the evidence. (FFCL at 4). The trial court also found that Appellant's conviction "was final before *Padilla*[1] was decided." Because the *Padilla* holding is not retroactive, Appellant is not entitled to relief on grounds that his attorney was deficient in informing him of the immigration consequences of his plea. (FFCL at 4). The trial court found that Appellant was properly advised of the immigration consequences of his plea under Article 26.13 of the Code of Criminal Procedure. (FFCL at 4). The trial court concluded that "…there was no Trial Court error that caused Applicant [Appellant] to render an involuntary plea." (RR at 5).

The trial court certified that Appellant has the right of appeal. (SCR at 4). Appellant timely filed a notice of appeal on November 20, 2014. (CR at 47). The trial court appointed the Bexar County Public Defender's Office to represent Appellant on appeal. This appeal follows.

## Summary of the Argument

In the professional opinion of the undersigned counsel for Appellant, after a diligent search of the record and of the applicable law, there is no reversible error reflected in the record. Therefore, this appeal is without merit and frivolous.

---

[1] *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

## Summary of Facts Pertinent to *Anders v. California*

In his writ application, Appellant has attempted to bring a *Padilla*-type claim that his no contest plea—entered in 2000—was involuntary. Specifically, he argues that he should be allowed to withdraw his plea because he was never told by his attorney that deportation was a certain consequence. But *Padilla* was decided in 2010 and is not applied retroactively. Instead, the record reflects (and the trial court so found) that Appellant was properly admonished regarding the immigration consequences of his plea under the law as it existed in 2000, when he entered his plea. Appellant did not prove his claim that his no-contest plea was involuntary by a preponderance of the evidence. So the trial court did not abuse its discretion in denying the relief Appellant sought via his writ application. In short, undersigned counsel can find no meritorious issues to raise on Appellant's behalf. As such, this appeal is frivolous and without merit.

## Argument and Authorities

**The standard of review.**

Appellant filed his writ application under Article 11.072 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Article 11.072 is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision." *State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013) (quoting *Ex parte Villanueva*, 250 S.W.3d 391, 397 (Tex. Crim. App. 2008)). To prevail, the applicant must prove, by a preponderance of the evidence, the facts that would entitle him to relief. *Guerrero*, 400 S.W.3d at 583.

The trial court's denial of habeas relief is reviewed for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). In an Article 11.072 habeas proceeding, the trial judge is the sole finder of fact. *Guerrero*, 400 S.W.3d at 583. The highly deferential *Guzman* standard of review controls in such cases. *Ex parte Garcia*, 353 S.W.3d at 787–88, citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).Under this standard, the appellate court affords almost total deference to a trial court's factual findings when

10

supported by the record, especially when those findings are based upon credibility and demeanor. *Guzman*, 955 S.W.2d at 89.

**The *Padilla*-type claim.**

In *Padilla v. Kentucky*, the Supreme Court held that the Sixth Amendment requires an attorney representing a criminal defendant to advise his client of the risk of "automatic" deportation as a consequence of a guilty plea. *Padilla*, 559 U.S. 368-69, 130 S.Ct. at 1483 (counsel provided ineffective assistance of counsel when immigration law was succinct and clear that defendant would be subject to automatic deportation upon entry of guilty plea, statute was not difficult to read and understand, and counsel's advice concerning possibility of deportation was incorrect). In his writ application, Appellant makes a *Padilla*-type claim. Specifically, he argues that his plea attorney failed to inform him that his no-contest plea would lead to his deportation. According to Appellant, his plea counsel told him that his no-contest plea "would not negatively affect his immigration status." (CR at 40). As a result of this allegedly deficient advice, Appellant claims that he "was completely unaware that he would be deported as a result of the plea." (CR at 40). He was, in fact, taken into "INS custody" immediately after sentencing. (CR at 40). He thus alleges that his no-contest plea was not voluntary because he received ineffective assistance from his plea counsel. (CR at 44).

**The rule announced in *Padilla v. Kentucky* does not apply retroactively.**

Appellant entered his no-contest plea on November 3, 2000, and was sentenced on December 7, 2000. (CR at 14-16, 19, 30). In *Chaidez v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), the United States Supreme Court explicitly held that *Padilla* announced a new rule and, thus does not apply retroactively to defendants whose cases became final prior to the date the *Padilla* decision was announced, on March 31, 2010. The Texas Court of Criminal Appeals has adopted the retroactivity analysis in *Chaidez* as a matter of state law. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (following the Supreme Court's reasoning in *Chaidez v. United States*, that the *Padilla* court announced a new rule, so defendants whose convictions became final prior to *Padilla* cannot benefit from its holding). So Appellant may not rely on *Padilla* in arguing that he was denied the effective assistance of counsel when he entered his no-contest plea in November 2000.[2]

**Pre-*Padilla* law.**

Under pre-*Padilla* law, the Sixth Amendment's assurance of the effective assistance of counsel does not extend to "collateral" aspects of the prosecution. *Ex*

---

[2] Appellant does not have a final conviction under state law because he was placed on deferred-adjudication community supervision and terminated "unsatisfactorily" in December 2002. (CR at 37). But for purposes of *Padilla* and federal immigration law, he had a "final conviction" when he was placed on deferred-adjudication community supervision in December 2000. *See Guerrero*, 400 S.W.3d at 587-88 (explaining that deferred-adjudication community supervision is considered a "conviction" within the context of federal immigration law).

*parte Luna*, 401 S.W.3d 329, 334 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)). Immigration consequences of a guilty plea were considered collateral and did not support an ineffective-assistance-of-counsel claim. *See State v. Jimenez*, 987 S.W.2d 886, 887–88 (Tex. Crim. App. 1999) ("That a guilty plea may result in deportation is generally considered a collateral consequence."); *Ex parte Luna*, 401 S.W.3d at 334 ("Immigration consequences of a guilty plea are considered collateral ...."). Accordingly, "a pre-*Padilla* plea is not involuntary even if counsel were deficient in advising his client regarding the immigration consequences." *Ex parte Roldan*, 418 S.W.3d 143,146 (Tex. App. –Houston [14th Dist.] 2013, no pet.) (citing *Ex parte Sudhakar*, 406 S.W.3d 699, 702 (Tex. App.–Houston [14th Dist.] 2013, pet. ref'd)).

Here, the trial court found that Appellant was admonished in writing that he could be deported as a result of his no-contest plea. (FFCL at 3-4)(CR at 14). And Appellant concedes that the trial court judge gave him the following admonishment at sentencing, on December 7, 2000: "These circumstances, as you were sworn when you entered your plea, are such that you are probably now going to be deported by the U.S. government." (CR at 40). The record reflects that Appellant received a written admonishment regarding the immigration consequences of his plea, and thus supports the trial court's written conclusion that the no-contest plea

13

was not involuntary even if plea counsel's immigration advice was deficient. Therefore, the trial court did not abuse its discretion in denying Appellant's application for a writ of habeas corpus.

**Ineffective assistance of counsel generally**.

In addition to his *Padilla*-type claim, Appellant argues that his plea counsel was ineffective for not plea bargaining "effectively" and for not "mitigating harm to" Appellant. These more general ineffective-assistance allegations are also not supported by the record.

The test for ineffective assistance of counsel is derived from the Supreme Court case *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In order for counsel to be deemed ineffective, it must be shown that counsel's representation "fell below an objective standard of reasonableness" and there is the probability that, but for counsel's deficient performance, the result would have been different. *Id*. at 55. The test is applied to the "totality of the representation" rather than to isolated acts or omissions of trial counsel, *Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983), and is applied at the time of the proceeding, not through hindsight. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). It is rare for the appellate record to contain sufficient information to permit an appellate court to

evaluate the merits of a claim of ineffective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The *Strickland* test requires an accused to show that his or her counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. In meeting the second prong, that defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Wilson*, 724 S.W.2d 72, 74 n. 1 (Tex. Crim. App. 1987). Thus, the defendant must show that he was prejudiced as a result of deficient attorney performance. *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999).

The essence of Appellant's ineffective-assistance claim is that trial counsel should not have allowed him to plead no contest, since that plea provided the legal grounds for Appellant to be deported. However, that argument is not meritorious. The appellate court will not second-guess trial counsel's strategy, nor is the court privy to the reasons counsel may have advised Appellant to plead no contest in this case. Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Thus, "the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

The facts in the present case do not support an assertion that Appellant received ineffective assistance from his plea counsel. Plea counsel did not testify at the evidentiary hearing or provide an affidavit to explain why he advised Appellant to enter the no-contest plea. Thus Appellant cannot overcome the strong presumption that his counsel's actions were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689. Indeed, the plea agreement resulted in Appellant being placed on deferred-adjudication community supervision, instead of being incarcerated. Appellant would have been subject to deportation either way, so the plea agreement did result in a significant benefit to Appellant. For these reasons, the record does not support a finding that defense counsel's performance fell below an objective standard of reasonableness under *Strickland*. Therefore, it is unnecessary to reach the second prong of the analysis.

## Conclusion

After a thorough review of the record, the undersigned attorney is unable to identify any potentially meritorious points on appeal. It is the professional opinion of the undersigned counsel that the appeal is frivolous and without merit.[3] *See*

---

[3] *See Johnson v. United States*, 360 F.2d 844, 846 n. 2 (D.C. Cir. 1966) (Burger, J. concurring): "An attorney owes his first duty to the court . . . His oath requires him to be absolutely honest even though his client's interests may seem to require a contrary course."

*Anders v. California*, 386 U.S. 738 (1967). Counsel has executed an attached Certificate of Service certifying that he is sending Appellant a copy of his Motion to Withdraw, and a copy of this Brief, with an explanation of Appellant's further rights regarding this appeal. *High v. State*, 537 S.W.2d 807 (Tex. Crim. App. 1978). Pursuant to the requirements of *Anders v. California*, 386 U.S. at 744-45, and *High v. State*, 573 S.W.2d at 813, counsel has documented that he has furnished Appellant with a copy of this brief. He has notified Appellant of his right to review the record and to file any brief that he deems appropriate.

He has also provided Appellant with a motion for *pro se* access to the appellate record to file with this Court if Appellant decides that he does wish to review the record and file a *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014). Counsel for Appellant has attached documentation of the letter advising Appellant of his rights and remedies, with instructions for filing the motion for *pro se* access to the appellate record. *See Anders*, 386 U.S. at 744; *McMahon v. State*, 528 S.W.2d 771, 772 (Tex. Crim. App. 1975); *Kelly*, 436 S.W.3d at 318-19.

## Prayer

Counsel respectfully requests that he be allowed to withdraw from representation of Appellant, and for all other relief that is fair and just.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.
Appellate Attorney
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org
Texas Bar No. 06196400

ATTORNEY FOR APPELLANT

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Appellant's Brief In Support of Motion to Withdraw has been delivered by electronic service to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **April 7, 2015**.

I further certify that a true and correct copy of the foregoing brief, as well as counsel's motion to withdraw, a letter outlining Appellant's right to file a *pro se* brief, and a motion for *pro se* access to the appellate record, were sent to: George Garcia, c/o Laura Garcia, 507 Viendo Street, San Antonio, TX 78201, by certified mail, return receipt requested, Article No. 7012 1640 0002 4217 9864, on **May 7, 2015**.

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.

Appendix –
Letter advising George Garcia of his rights under *Anders v. California*, with motion for pro se access to the appellate record.



April 7, 2015

George Garcia
c/o Laura Garcia
507 Viendo Street
San Antonio, TX 78201

Re:     *Ex parte George Garcia*
        Appeal No. 04-14-00809-CR
        Cause No. 2000CR5603W

Dear Mr. Garcia:

The trial court appointed the Bexar County Public Defender's Office to represent you in your appeal from the denial of habeas corpus relief in the above-styled and numbered case. This letter is to advise you that I have reviewed the appellate record and have determined that there are no errors in the record that would support a reversal of the judge's decision to deny the relief sought.

I have enclosed a copy of the brief that I have filed, which reflects the fact that I was unable to find any reversible errors. I have also enclosed a copy of my Motion to Withdraw, which I am required to file with the Fourth Court of Appeals because I have asserted that there are no meritorious grounds for relief. *See In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008).

You have the right to review the appellate record on your own to see if you can find any error. If you decide that reversible error did occur in connection with your writ application, you may file a brief of your own with the Fourth Court of Appeals.

If you decide to exercise your right to review the appellate record and prepare a *pro se* response to the brief that I have filed, you will need to sign and date the Motion for *Pro Se* Access to the Appellate Record that I have enclosed with this letter. *See Kelley v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). <u>You must sign, date, and return the Motion to the Fourth Court of Appeals at the following address within 10 days</u>:

1

Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa St., Suite 3200
San Antonio, TX 78205-3037

The Clerk of the Fourth Court of Appeals will then advise you how to obtain a copy of the appellate record.

The Fourth Court of Appeals will review the appellate record, my brief, and your *pro se* brief if you decide to file one. If the Court does agree with my conclusion that this appeal is frivolous, you can then challenge that finding by filing a *pro se* petition for discretionary review with the Court of Criminal Appeals of Texas. After the Fourth Court of Appeals issues its opinion—which may take several months—I will send a letter with more information about filing a *pro se* petition for discretionary review.

This concludes my representation of you on this matter, other than to send you a copy of the judgment and opinion, and advise you of your further rights after the Court of Appeals issues its opinion. Although I have filed a motion to withdraw from your case, I remain available to answer any questions that you may have.

Sincerely yours,



RICHARD B. DULANY, JR.
Assistant Public Defender

Enclosures:     Copy of Brief in Support of Motion to Withdraw
                Copy of Motion to Withdraw
                Motion for *Pro Se* Access to the Appellate Record

Certified Mail – Return Receipt Requested
Certified No. 7012 1640 0002 4217 9864

## NO. 04-14-00809-CR

IN THE
FOURTH COURT OF APPEALS
OF TEXAS
AT SAN ANTONIO, TEXAS

### Ex parte GEORGE GARCIA,
Appellant

### APPELLANT'S MOTION FOR *PRO SE* ACCESS TO THE APPELLATE RECORD

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant in the above styled and numbered cause and files this Motion for *Pro Se* Access to the Appellate Record.

### I.

Appellant's appointed counsel has filed a motion to withdraw and brief in support of the motion, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### II.

The undersigned Appellant wishes to exercise his right to review the appellate record in preparing his *pro se* response to the *Anders* brief that court-appointed counsel has filed. The undersigned Appellant now moves this Court to provide him with free, *pro se* access to the appellate record, including the clerk's record and reporter's record. See *Kelly v. State*, 436 S.W.3d 313, 318-19 (Tex. Crim. App. 2014).

III.

The undersigned Appellant asks for a 30-day extension of time to file his *pro se* brief.

IV.

This motion is addressed to the Fourth Court of Appeals, Cadena-Reeves Justice Center, 300 Dolorosa St., Suite 3200, San Antonio, Texas 78205. This motion is delivered to the Fourth Court of Appeals by U.S. Mail, on this the _____ day of _____, 2015.

WHEREFORE, PREMISES CONSIDERED, the Appellant respectfully prays that the Court grant this Motion for *Pro Se* Access to the Appellate Record.

Respectfully submitted,

_____

**George Garcia**
c/o Laura Garcia
507 Viendo Street
San Antonio, TX 78201

APPELLANT *PRO SE*