**Affirmed and Opinion filed November 19, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-01133-CR
_____

## EX PARTE PABLO JOSE ROLDAN

___

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1014795-A**

___

## OPINION

Appellant, Pablo Jose Roldan, appeals a judgment denying his post-conviction application for writ of habeas corpus on the ground he received ineffective assistance of counsel. We affirm.

### I. BACKGROUND

In March 2005, appellant, a resident alien, pleaded guilty, pursuant to a plea bargain, to felony possession with intent to deliver a controlled substance, namely cocaine, in an amount more than four grams but less than 200 grams. The trial court placed appellant on eight years' deferred-adjudication community supervision

but discharged him after six years. Appellant was detained by the police in February 2012, after a traffic stop. While in custody, an "immigration hold" was placed on appellant, and he was informed he may be referred for possible deportation.

Subsequently, appellant filed an application for writ of habeas corpus, contending he received ineffective assistance of counsel relative to the previous plea proceeding. Appellant asserted his guilty plea was involuntary because (1) plea counsel failed to advise appellant his guilty plea would result in deportation,[1] and (2) appellant would not have accepted the plea bargain if he had known about the adverse immigration consequences. After a hearing, the habeas court denied the application.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's denial of habeas corpus relief under an abuse-of-discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Reed*, 402 S.W.3d 39, 41 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id.* at 41–42. We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely on an evaluation of credibility and demeanor. *Id.* at 42. We apply the same deference to review the habeas court's application of law to fact questions if the resolution of those determinations rests on

---

[1] *See* 8 U.S.C. §§ 1101(a)(48)(A)(i), 1227(a)(2)(B)(i) (2006) (describing convictions for possession of controlled substances for which alien is deportable).

2

an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the issue *de novo*. *Id.*

The two-pronged *Strickland* test applies when a habeas applicant challenges a guilty plea based on ineffective assistance of counsel. *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The applicant must show by a preponderance of the evidence (1) plea counsel's performance fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *see Murillo*, 389 S.W.3d at 926.

In *Padilla v. Kentucky* (decided March 31, 2010—five years after appellant's plea), the Supreme Court of the United States held that "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374 (2010). Counsel's performance is deficient under the *Strickland* standard if counsel fails to advise a noncitizen client about deportation consequences that are "truly clear." *See Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Padilla*, 559 U.S. at 368–69). For a period of time after *Padilla*, including the date on which the habeas court heard and denied appellant's application, several courts, including our court, applied *Padilla* retroactively. *See Aguilar v. State*, 375 S.W.3d 518, 522–24 (Tex. App.—Houston [14th Dist.] 2012), *rev'd*, 393 S.W.3d 787 (Tex. Crim. App. 2013). However, both the Supreme Court of the United States and the Texas Court of Criminal Appeals subsequently held *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez v. United States*, 568 U.S. ___, 133 S. Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*,

392 S.W.3d 675, 678–79 (Tex. Crim. App. 2013). Thus, "defendants whose convictions became final prior to [March 31, 2010] . . . cannot benefit from [*Padilla's*] holding." *Chaidez*, 133 S. Ct. at 1113; *De Los Reyes*, 392 S.W.3d at 679.

### III. ANALYSIS

In two issues, appellant argues (1) *Chaidez* does not apply to appellant's claim because, since 1985, Texas Code of Criminal Procedure article 26.13(a)(4) has required that counsel inform his client about the immigration consequences of a guilty plea, and (2) *De Los Reyes* was "wrongly decided" because the Court of Criminal Appeals failed to consider that statute. Article 26.13(a)(4) provides that, prior to accepting a plea of guilty or nolo contendere, the trial court must admonish the defendant, among other matters, "that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation . . . ." Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2013). In summary, appellant suggests (1) article 26.13(a)(4) imposes a duty on counsel, independent of the duty recognized in *Padilla*, to advise his client that a guilty plea may result in deportation, and (2) this duty under article 26.13(a)(4) existed at the time of appellant's plea, irrespective of subsequent authority dictating *Padilla* does not apply retroactively.[2]

---

[2] It is clearly beyond our purview to decide the Court of Criminal Appeals "wrongly decided" a case. We construe appellant's contention as more an argument that *De Los Reyes* does not preclude his ineffective-assistance claim because it held *Padilla* is not retroactive and appellant urges there is a statutory duty independent of *Padilla*.

Assuming, without deciding, appellant preserved error on his contention, we conclude it lacks merit.[3] By its plain language, article 26.13(a)(4) imposes a duty on only the trial court—not on defense counsel. *See id.* Nonetheless, appellant suggests article 26.13(a)(4) effectively imposes a duty on counsel. In particular, appellant argues that, via enactment of article 26.13(a)(4), immigration consequences of guilty pleas became direct, rather than collateral, consequences and attorneys are required to advise clients of direct consequences. However, appellant fails to cite, and we have not found, any authority holding article 26.13(a)(4) rendered immigration consequences direct consequences of a guilty plea or otherwise imposes a duty on counsel. To the contrary, since the enactment of article 26.13(a)(4), the Court of Criminal Appeals and our court have held that immigration consequences of guilty pleas are collateral under pre-*Padilla* law. *See, e.g.*, *State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999); *Ex parte Sudhakar*, 406 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Ex Parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Consequently, we reject appellant's attempt to avoid the dictates of *Chaidez* and *De Los Reyes* by urging article 26.13(a)(4) imposed a duty on counsel. Under

---

[3] Appellant's contention does not comport with his complaint in the habeas court. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that, to preserve error, an appellant's contention on appeal must comport with the specific objection made at trial). In the habeas court, appellant complained counsel failed to fulfill the duties required under *Padilla*—which, at the time of the hearing, our court and some other courts were applying retroactively, as mentioned above. Appellant did not make an alternative argument that any duties were imposed on counsel under article 26.13(a)(4). Regardless, we need not decide whether appellant preserved error because we reject his complaint substantively. We also note the habeas court found counsel advised appellant about the adverse immigration consequences of his plea, but the court made no express conclusions on whether counsel had a duty to do so. As discussed below, we will also alternatively uphold the habeas court's ruling based on that finding. Nevertheless, we may also uphold the ruling on the ground that counsel had no such duty. *See Ex Parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (recognizing appellate court may uphold habeas court's judgment as long as it is correct on any theory of law applicable to the case).

pre-*Padilla* law, the constitutional guarantee to effective assistance of counsel does not extend to "collateral" aspects of the prosecution; thus, a pre-*Padilla* plea is not involuntary even if counsel were deficient in advising his client regarding the immigration consequences. *Sudhakar*, 406 S.W.3d at 702 (citing *Jimenez*, 987 S.W.2d at 888–89; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)); *Luna*, 401 S.W.3d at 334 (same).

Alternatively, we may uphold the habeas court's ruling because it found counsel did inform appellant about the adverse immigration consequences of his guilty plea, despite having no duty to do so, and that finding is supported by the evidence. Contrary to appellant's contention, the evidence does not indicate counsel advised appellant only that his guilty plea **could** result in deportation.

At the habeas hearing, appellant and his mother (who participated in the discussions with plea counsel) testified counsel did not inform them regarding the immigration consequences of the plea and appellant would not have accepted the plea bargain if he had known about such consequences. In contrast, counsel testified as follows: he told appellant a conviction for the charged offense would result in deportation; counsel has always discussed immigration consequences of pleas with alien clients because he understands deportation is an important concern; counsel was present when appellant's mother telephoned an immigration attorney; after counsel explained the proposed plea bargain to the immigration attorney, the mother said that attorney advised appellant had "no choice" but to accept the plea bargain; and the mother then chastised appellant for "mess[ing] around with drugs, knowing immigration will deport you." Contrarily, appellant and his mother testified they did not consult an immigration attorney.

6

In its written findings of fact and conclusions of law, the habeas court found, inter alia, that (1) appellant and his mother were not credible, but counsel was credible, (2) "[t]he credible testimony and the record, including [appellant's] affirmations in the plea bargain paperwork, establish that [counsel] properly and thoroughly admonished [appellant] that his guilty plea would result in adverse immigration consequences," (3) "[appellant] failed to establish that [counsel] failed to advise or incorrectly advised [appellant] of the immigration consequences that would follow his plea of guilty," and (4) "[appellant] failed to prove by a preponderance of the evidence that the representation by [counsel] was deficient or fell below an objective standard of reasonableness, given the prevailing professional norms at the time of [appellant's] plea." We defer to the trial court's findings because they turned on evaluation of witness credibility and are supported by counsel's testimony. *See Reed*, 402 S.W.3d at 42.

Accordingly, the trial court did not abuse its discretion by denying appellant's habeas-corpus application because he failed to prove the first *Strickland* prong. We overrule both of appellant's issues and affirm the habeas court's judgment.


/s/    John Donovan
        Justice


Panel consists of Justices Christopher, Donovan, and Brown.

Publish — Tex. R. App. P. 47.2(b).