**Opinion issued July 23, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00606-CR

_____

### EX PARTE ALFONSO SANTANA VILLA, Appellant

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 752734-A**

---

## MEMORANDUM OPINION

Appellant, Alfonso Santana Villa, appeals from the trial court's denial of his application for writ of habeas corpus. We affirm.

## Background

Villa pleaded guilty on August 8, 1997, to the felony offense of aggravated assault. Pursuant to Villa's plea bargain agreement with the State, the trial court

deferred making any finding on Villa's guilt, placed him on community supervision for five years, and assessed a $500 fine. Villa's sworn plea paperwork states: "I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea." The paperwork further states that Villa's "plea [was] freely and voluntarily made," that he understood the court's admonishments and was "aware of the consequences of [his] plea," and that he was "satisfied with the representation provided by [his] counsel and [he] received effective and competent representation." Villa did not appeal from the trial court's August 8, 1997 judgment.

Villa filed an application for writ of habeas corpus on August 27, 2014, challenging the voluntariness of his guilty plea based on allegedly ineffective assistance of counsel and requesting that the trial court vacate its judgment placing him on community supervision. The trial court denied his application on June 8, 2015. Villa timely filed a notice of appeal on June 26, 2015.

## Standard of Review

We review a trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.). However, we review *de novo* a trial court's determination that is based solely on an application of legal standards or that

2

involves mixed questions of law and fact that do not depend upon credibility and demeanor. *See Ex parte Zantos-Cuebas*, 429 S.W.3d at 87; *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Ex parte Zantos-Cuebas*, 429 S.W.3d at 87.

A habeas applicant bears the burden of establishing that the facts entitle the applicant to relief. *See Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997); *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

**Applicable Law**

For a guilty plea to be consistent with due process, it must be entered knowingly, intelligently, and voluntarily. *See Kniatt*, 206 S.W.3d at 664; *Ex parte Olvera*, No. 05-11-01349-CR, 2013 WL 4052467, at *2 (Tex. App.—Dallas Aug. 21, 2013, pet. ref'd) (mem. op., not designated for publication). A guilty plea may not be induced by threats, misrepresentations, or improper promises. *See Kniatt*, 206 S.W.3d at 664, *Morrow*, 952 S.W.2d at 534. "Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences [of the plea]." *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999); *accord Olvera*, 2013 WL 4052467, at *2; *see also Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) ("[W]e continue to

3

recognize the distinction between direct and collateral consequences . . . .").  "A defendant's sworn representation that his guilty plea is voluntary 'constitutes a formidable barrier in any subsequent collateral proceedings.'" *Kniatt*, 206 S.W.3d at 664 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S. Ct. 1621, 1629 (1977)).

"A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel." *Moussazadeh*, 361 S.W.3d at 689.  When a habeas applicant challenges a guilty plea based on ineffective assistance of counsel, we apply the two-pronged *Strickland* test.  *See Murillo*, 389 S.W.3d at 926 (citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)).  To be entitled to relief, an applicant challenging his guilty plea based on ineffective assistance must establish that: (1) trial counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different.  *See Moussazadeh*, 361 S.W.3d at 691; *Ex parte Carpio-Cruz*, No. 08-10-00240-CR, 2014 WL 5316988, at *2 (Tex. App.—El Paso Oct. 17, 2014, no pet.) (not designated for publication); *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## Analysis

In his application for writ of habeas corpus, Villa argues that his guilty plea was involuntary because his trial counsel rendered ineffective assistance of counsel by failing to inform him of the immigration consequences of his guilty plea. Villa contends that he would not have pleaded guilty if counsel had fully informed him of the consequences of the plea.

Under *Padilla v. Kentucky*, trial counsel representing a criminal defendant "must inform her client whether his plea carries a risk of deportation." 559 U.S. 356, 374, 130 S. Ct. 1473, 1486 (2010). Counsel's performance is deficient if counsel fails to advise a noncitizen client about deportation consequences that are "truly clear." *Id.* at 369, 130 S. Ct. at 1483. *Padilla*, however, does not apply retroactively, and therefore "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding." *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013); *see Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

Here, Villa pleaded guilty on August 8, 1997, before *Padilla* was decided on March 31, 2010, and he did not take any further action regarding the trial court's order of deferred adjudication. His conviction therefore became final for purposes of *Padilla* and federal immigration law on August 8, 1997, and he may not benefit

5

from *Padilla*'s holding. *See State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013); *Carpio-Cruz*, 2014 WL 5316988, at *3.

Under pre-*Padilla* law, immigration consequences were collateral consequences of a guilty plea, and "the constitutional guarantee to effective assistance of counsel does not extend to 'collateral' aspects of the prosecution; thus, a pre-*Padilla* plea is not involuntary even if counsel [was] deficient in advising his client regarding the immigration consequences." *Roldan*, 418 S.W.3d at 147; *see Jimenez*, 987 S.W.2d at 888–89; *Morrow*, 952 S.W.2d at 536; *Carpio-Cruz*, 2014 WL 5316988, at *2–3; *Olvera*, 2013 WL 4052467, at *7. Accordingly, even if Villa's trial counsel did not advise him of the possible immigration consequences of his plea, Villa cannot satisfy the first prong of the *Strickland* test because he cannot show that his plea was involuntary based on any alleged failure of counsel to fully advise him regarding the immigration consequences of his plea. *See Morrow*, 952 S.W.2d at 536–37; *Carpio-Cruz*, 2014 WL 5316988, at *3; *Olvera*, 2013 WL 4052467, at *7; *Roldan*, 418 S.W.3d at 148.

Accordingly, we conclude that the trial court did not abuse its discretion when it found that Villa "fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different," that Villa "fails to show that his initial guilty plea was

6

unlawfully induced, made involuntarily, or made without an understanding of the nature of the charge against him and the consequences of his plea," that Villa "fails to overcome the presumption that his initial guilty plea was knowingly and voluntarily made," and that Villa's "plea was voluntary."

Alternatively, we may uphold the trial court's ruling because it found that counsel "conducted a thorough investigation" and "was aware that the applicant was not a citizen of the United States of America," that Villa "was informed of the potential immigration consequences of his plea," and that Villa's "assertion that he was never told about the consequences of his plea is not credible," and those findings are supported by the evidence, namely, trial counsel's affidavit stating that counsel "reviewed the State's file," that counsel "plainly told Mr. Villa[ ]in his native language of Spanish that since he was not a citizen of the United States of America, a plea of guilty for the offense charged may result in deportation, exclusion from admission to the county [sic], or the denial of naturalization under federal law," that "Villa understood the consequences of his plea," and that "Villa's plea was both voluntary and intelligently made." Because the trial court's findings turn on an evaluation of credibility and are supported by counsel's affidavit, we defer to those findings. *See Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *Manzi v. State*, 88 S.W.3d 240, 242–44 (Tex. Crim. App. 2002); *Roldan*, 418 S.W.3d at 145, 148.

## Conclusion

The trial court did not abuse its discretion by denying Villa's application for writ of habeas corpus because Villa failed to carry his burden of proving his entitlement to relief. Accordingly, we affirm the trial court's judgment. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).