**Opinion issued October 6, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00154-CR

———————————

## EX PARTE TULIO WILFREDO ESCOBAR, Appellant

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1329944-A**

---

## MEMORANDUM OPINION

Appellant, Tulio Wilfredo Escobar, appeals from the habeas court's denial of his application for writ of habeas corpus. Escobar argues that the habeas court abused its discretion by denying his application because (1) his plea was involuntary, and (2) the motion to revoke his community supervision violated his Fifth Amendment right against self-incrimination. We affirm.

## Background

On May 2, 2012, Escobar pleaded guilty to the third-degree felony offense of driving while intoxicated–third offense. Pursuant to an agreed plea bargain, the trial court assessed Escobar's punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and ten days' confinement in the Harris County jail, but suspended confinement and placed Escobar on community supervision for three years.

On October 6, 2014, the State filed a motion to revoke Escobar's community supervision on the grounds that Escobar violated the terms of his supervision by: (1) driving or operating a motor vehicle while his license was suspended and driving or operating a motor vehicle on two separate occasions without a valid driver's license, as evidenced by Escobar's admission to a polygraph examiner; (2) driving or operating a motor vehicle on two separate occasions without a valid driver's license, as evidenced by Escobar's admission to his community supervision officer; and (3) failing to maintain financial responsibility.

Escobar filed an application for writ of habeas corpus alleging that: (1) the motion to revoke violated his Fifth Amendment right against self-incrimination; (2) his guilty plea was involuntary due to a Fourth Amendment violation; and (3) his plea counsel was ineffective because he allowed Escobar to enter an involuntary plea.

No evidentiary hearing was held on Escobar's application. Although Escobar did not file any affidavits in support of his application, the State submitted sworn affidavits for the habeas court's consideration from Escobar's plea counsel and the polygraph examiner. The polygraph examiner averred in his affidavit that Escobar admitted that he had driven in violation of his community supervision during his August 29, 2014 polygraph session. He further averred that Escobar did not invoke his Fifth Amendment privilege during that session, ask for an attorney, or refuse to speak with the examiner.

Escobar's plea counsel averred in his affidavit that after he discussed the relevant case law with Escobar, counsel "strongly encouraged" Escobar to go forward with a motion to suppress all evidence obtained as a result of the warrantless blood draw. Counsel told Escobar that he thought that Escobar had a "good case" and that even if he lost on the motion, he had a "good chance of winning" on appeal. Counsel further averred that he informed Escobar that the State was offering three years' community supervision, but that if Escobar filed a motion to suppress and lost, the State would insist on a longer period of supervision. When Escobar learned that three years was the shortest period of community supervision that the State was willing to offer, Escobar informed his counsel that he did not want to pursue a motion to suppress and wanted to accept the State's offer. The judgment, which Escobar attached to his application, recites

3

that the trial court "admonished Escobar as required by law" and that "[i]t appeared to the [trial court] that [Escobar] . . . made the plea freely and voluntarily, and was aware of the consequences of this plea."

Based on the record and the affidavits submitted, the habeas court found that Escobar's plea was voluntary and that Escobar failed to demonstrate that his Fifth Amendment right against self-incrimination was violated because there was no evidence that Escobar invoked this right.

**Standard of Review**

We review a trial court's ruling on a habeas corpus application for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing a trial court's decision to deny habeas relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We afford almost total deference to the habeas court's findings of fact that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006) (quoting *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004)). We afford the same deference to the trial court's rulings on the application of the law to fact questions if the resolution of those ultimate questions turns on an evaluation of

4

credibility and demeanor. *Ex parte Peterson*, 117 S.W.3d at 819. In such instances, we use an abuse of discretion standard. *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). However, if the resolution of those ultimate questions turns on an application of legal standards absent any credibility issue, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d at 819.

A habeas applicant bears the burden of establishing that the facts entitle the applicant to relief. *See Ex parte Morrow*, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997); *Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.). One who seeks habeas corpus relief based on an involuntary guilty plea has the burden of showing that his plea was involuntary by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970). "[T]he record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747 n.4, 90 S. Ct. at 1468 n.4. A person attacking the validity of his prior guilty plea as that plea is reflected in the written judgment "bears the burden of defeating the normal presumption that recitals in the written judgment are correct. Those written recitals are 'binding in the absence of direct proof of their falsity.'" *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim.

5

App. 2013) (quoting *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)).

"A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel." *Ex Parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). When a habeas applicant challenges a guilty plea based on ineffective assistance of counsel, we apply the two-pronged *Strickland* test. *See Murillo*, 389 S.W.3d at 926 (citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)). To be entitled to relief, an applicant challenging his guilty plea based on ineffective assistance must establish that: (1) trial counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *See Moussazadeh*, 361 S.W.3d at 691; *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## Fifth Amendment

In his application for writ of habeas corpus, Escobar argues that the State's reliance on his admissions of wrongdoing to the polygraph examiner violates his Fifth Amendment right against self-incrimination. The Fifth Amendment privilege, however, "generally is not self-executing" and a witness who desires its protection "'must claim it.'" *Minnesota v. Murphy*, 465 U.S. 420, 425, 104 S. Ct. 1136, 1141 (1984) (quoting *United States v. Monia*, 317 U.S. 424, 427, 63 S. Ct. 409, 410–11

6

(1943)); *see generally Dansby v. State*, 398 S.W.3d 233, 240–41 (Tex. Crim. App. 2013) (holding trial court abused its discretion by revoking defendant's community supervision based upon defendant's invocation of his Fifth Amendment right).

Here, the habeas court found that there was credible testimony from the polygraph examiner that Escobar admitted during his polygraph session that he had violated the terms of his supervision and that Escobar did not invoke his Fifth Amendment privilege during that session, ask for an attorney, or refuse to speak with the examiner. Based on this testimony, which was uncontroverted, the habeas court found that Escobar failed to demonstrate that he invoked his Fifth Amendment right against self-incrimination and thereby failed to establish that his right was violated.

Accordingly, we hold that the habeas court did not abuse its discretion by denying Escobar's application for writ of habeas corpus on this basis because Escobar failed to carry his burden of proving his entitlement to relief. *See Ex parte Morrow*, 952 S.W.2d at 534.

### Voluntariness of Plea Based on Fourth Amendment Violation

Escobar also argued in his application that his plea was involuntary because the warrantless blood draw violated the Fourth Amendment's protections against unlawful searches and seizures.

7

As in direct appeals, a party is required to preserve certain types of constitutional error in order to raise a complaint regarding the error in a habeas application. *See Garza v. State*, 435 S.W.3d 258, 261–62 (Tex. Crim. App. 2014); *Ex parte Jimenez*, 364 S.W.3d 866, 882 (Tex. Crim. App. 2012). To preserve a complaint for appellate review, a party must make a timely objection or motion stating the specific grounds for the complaint and obtain a ruling from the trial court. *See* TEX. R. APP. P. 33.1(a).

There was credible evidence presented to the habeas court demonstrating that Escobar was advised to file a motion to suppress all evidence obtained as a result of the warrantless blood draw. Escobar declined to do so because he did not want to risk a longer supervision period. By choosing the strategic option to accept a plea bargain rather than file a motion to suppress, Escobar forfeited his right to complain in a habeas application about the possibly unconstitutional process used to obtain the evidence against him. *See id.*; *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *see generally Brady*, 397 U.S. at 757, 90 S. Ct. at 1473 ("[A] voluntary plea of guilty intelligently made in the light of then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

Accordingly, we hold that Escobar failed to preserve this complaint for appellate review.

## Voluntariness of Plea Based on Ineffectiveness of Plea Counsel

In his application, Escobar also argued that his plea counsel "erroneously advised him that a motion to suppress would be futile" and that "[h]ad counsel correctly advised him that the seizure of evidence was subject to challenge, [Escobar] might not now be restrained of his liberty due to a constitutional violation." Escobar, however, did not present any testimony in support of these unverified allegations. On the contrary, Escobar's plea counsel testified in his affidavit that he "strongly encouraged" his client to go forward with a motion to suppress evidence obtained as a result of the warrantless blood draw because he thought that Escobar had a "good case" and that he advised Escobar that even if he lost on the motion, he had a "good chance of winning" on appeal. The habeas court found plea counsel's uncontroverted testimony credible. *See Ex parte Amezquita*, 223 S.W.3d at 367 (appellate courts afford almost total deference to habeas court's findings of fact that are based on evaluation of credibility and demeanor and supported by record).

Accordingly, we hold that the habeas court did not abuse its discretion by denying Escobar's application for writ of habeas corpus based on ineffective assistance because Escobar failed to prove that his counsel's performance fell

9

below an objective standard of reasonableness, as required by the first prong of *Strickland*. *See Moussazadeh*, 361 S.W.3d at 691.

## Conclusion

Finding no reversible error, we affirm the trial court's judgment. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).