**EX PARTE Robert Clark RHODES, Appellant**

**NO. 14-15-00618-CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 8, 2016

Discretionary Review Refused May 18, 2016

James D. Pierce, Sugarland, TX, for Appellant.

Jason Bennyhoff, Richmond, TX, for State.

Panel consists of Justices Jamison, Donovan, and Brown.

## OPINION

Marc W. Brown, Justice

Robert Rhodes appeals from the denial of his application for a writ of habeas corpus challenging the issuance of a governor's warrant for his arrest and extradition to Iowa. We affirm the judgment of the habeas court denying relief

### Factual and Procedural Background

Appellant Robert Rhodes was charged with two counts of fraud in Iowa. The Iowa Attorney General's Office, believing that appellant was located in Texas, sent an Application for Requisition to the office of the Governor of Texas requesting that appellant be extradited to Iowa to face the charges. The application contained: an "Affidavit of Identifying Witness" signed by Iowa Assistant Attorney General Robert Sand; an information charging appellant with fraud; a criminal complaint accompanied by an affidavit sworn by Special Agent Don Smith; and an arrest warrant from Polk County, Iowa. After receiving Iowa's application, the Office of the Governor of Texas issued a governor's warrant directing law enforcement to arrest appellant. Appellant was arrested. Subsequent to his arrest, appellant filed an application for a writ of habeas corpus challenging his extradition.[1] A hearing was held in Fort Bend County, and the habeas court denied relief. Appellant now challenges the denial on four grounds: (1) that the habeas court erred in finding that the governor's warrant met the requisites set forth by article 51.13 of the Code of

---

1. Tex.Code Crim. Proc. art. 51.13 § 10(a)    (West 2015).

Criminal Procedure; (2) that the habeas court erred in not considering appellant's challenge to Iowa's territorial jurisdiction over him; (3) that the habeas court erred in not granting relief on the grounds that Iowa failed to sufficiently identify appellant in the extradition documents; and (4) that the habeas court violated appellant's Sixth Amendment right to confront the witnesses against him when it would not allow him to cross-examine Iowa Assistant Attorney General Robert Sand, who signed the extradition request.

## Analysis

■ Interstate extradition is a summary and mandatory proceeding derived from the text of the United States Constitution and now governed by additional statutory requisites. U.S. Const. art. IV, § 2, cl. 2; *Michigan v. Doran*, 439 U.S. 282, 288, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *see generally* Tex.Code Crim. Proc. art. 51.13 (West 2015). The Extradition Clause of the United States Constitution provides for a process in which an asylum state shall "deliver ... up" a person charged with a crime in another state if the charging state demands it. U.S. Const. art. IV, § 2, cl. 2. The prerequisites and procedures for this process—as well as the mechanism through which the accused may challenge the extradition— are codified in Chapter 51 of the Texas Code of Criminal Procedure. Once the accused has been arrested pursuant to a governor's extradition warrant, he may challenge the extradition through an application for a writ of habeas corpus. Tex. Code Crim. Proc. art. 51.13 § 10(a) (West 2015). Because extradition is a summary,

mandatory executive proceeding, the review undertaken in the habeas corpus proceeding is necessarily limited in scope. The Extradition Clause "never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Doran*, 439 U.S. at 288, 99 S.Ct. 530. The "sole purpose" of habeas corpus review "is to test the legality of the extradition proceedings." *Echols v. State*, 810 S.W.2d 430, 432 (Tex.App.–Houston [14th Dist.] 1991, no pet.). The governor's grant of extradition is prima facie evidence that all prerequisites have been met and that the extradition is legal. *Doran*, 439 U.S. at 289, 99 S.Ct. 530. For this reason, "once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."[2] *Id.* at 289, 99 S.Ct. 530. We review the habeas court's decision to grant or deny a writ of habeas corpus for abuse of discretion and "consider the facts in the light most favorable to the habeas court's ruling." *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex.App.–Houston [14th Dist.] 2013, no pet.). We give almost complete deference to the habeas court's determination of historical facts supported by the record. *Id.*

■ Appellant's first issue corresponds with the first inquiry allowable under *Doran*—whether the extradition docu-

---

**2.** We find it useful to clarify that, pursuant to the Uniform Criminal Extradition Act adopted by the Legislature in 1965, a "fugitive" from justice can also be a person who is charged with committing an act intentionally resulting in a crime in the demanding state, even if,

like appellant, he did not physically flee from the demanding state to the asylum state in order to avoid charges. Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 553 (current version at Tex.Code Crim. Proc. art. 51.13 § 6 (West 2015)).

ments on their face are in order. Appellant asserts in his issue statement that the documents are not in order, but does not explain what defect he finds in these documents. Despite appellant's failure to provide any support for his assertion, we will briefly address the sufficiency of the documents, as it is the threshold question in an asylum state's habeas review. Article 51.13, section 3 sets out the requirements for the demand documents:

> No demand for the extradition of a person charged with [a] crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon ... The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

Tex.Code Crim. Proc. art. 51.13 § 3 (West 2015). Here, the habeas court found that the extradition documents were regular on their face. We agree with that conclusion. Iowa alleged, as required by section 6 of the statute, that even if appellant was not present in Iowa for the commission of the crime, he still committed an act "intentionally resulting in a crime" in Iowa. Tex. Code Crim. Proc. art. 51.13 § 6 (West 2015). Iowa also provided the Office of the Governor of Texas with all required documents in support of its charge that appellant committed fraud under the Iowa Code. Appellant's first issue is overruled.

■ The charge itself is the habeas court's second concern. *Doran*, 439 U.S. at 288, 99 S.Ct. 530. Iowa was required to "substantially charge" appellant with a crime under the laws of the state, and it did. Tex.Code Crim. Proc. art. 51.13 § 3 (West 2015). The information included in the governor's warrant packet alleged that appellant "intentionally conspire[d] with others to attempt to influence the winning of a prize through coercion, fraud, or deception in violation of Iowa Code 99G.36(2); AND, with intent to defraud, attempted to falsely utter, pass, or redeem a lottery ticket in violation of Iowa Code 99G.36(1)." Appended to the information is an affidavit sworn by Special Agent Don Smith that describes the acts for which appellant is being charged. The habeas court concluded that the information and affidavit sufficiently demonstrated that appellant had been charged with a crime, and we do not find fault with that assessment.

■ Appellant then diverges from the second *Doran* inquiry and in his second issue alleges that Iowa has not properly demonstrated its territorial jurisdiction because it did not show that he committed an act "intentionally resulting in a crime" in Iowa. Appellant alleges that this is a violation of Due Process. This claim is not properly heard by the habeas court for two reasons. First, the jurisdiction of the demanding state is not ripe for review in the asylum state. The ultimate constitutional validity of the prosecution is a question for the Iowa courts and for the Supreme

Court, not for the Texas courts. *Wray v. State*, 624 S.W.2d 573, 576 (Tex.Crim.App. 1981). Second, an inquiry into whether appellant actually committed an act "intentionally resulting in a crime" in Iowa amounts to a hearing on appellant's guilt or, at the very least, a hearing on the probable cause determination made by Iowa prior to charging appellant and requesting his extradition. When a judicial officer in a demanding state and the Governor of Texas have found that the accused has been properly charged with a crime in the demanding state, "neither the habeas court below nor this [c]ourt is authorized to overturn those findings." *Wray*, 624 S.W.2d at 576. To allow this kind of plenary review of a probable cause finding would "defeat the plain purposes of the summary and mandatory procedures authorized by Article IV, § 2." *Doran*, 439 U.S. at 290, 99 S.Ct. 530. "Once the governor of an asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Id.* Accordingly, we overrule appellant's second issue.

■ Appellant's third issue aligns with the third *Doran* question—whether appellant is the person identified in the governor's warrant. Appellant contends that the habeas court erred in not granting relief because Iowa did not sufficiently identify him. Appellant's challenge rests primarily on the fact that the criminal complaint issued in Iowa and included in the governor's warrant packet states that "at all relevant times" appellant and another related party were residents of Houston. Appellant lives in Sugar Land and, by his own account, has never lived in Houston proper. Because of this discrepancy between the criminal complaint and his true place of residence, appellant ar-

gues, he cannot be the person that Iowa has charged with fraud and is seeking to extradite. As part of his identity challenge, appellant called a business associate to testify that appellant had never lived in Houston. The habeas court found that the identification of appellant as someone who lived in the Houston metropolitan area was sufficient and denied relief.

■ Once a valid governor's warrant is issued, there exists a prima facie case for extradition and "the state has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused." *Rentz v. State*, 833 S.W.2d 278, 280 (Tex.App.–Houston [14th Dist.] 1992, no pet.). "The introduction of the executive warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state." *Id.* Appellant contends that he demonstrated at the hearing that his identity was at issue by calling a witness to testify that, to his knowledge, appellant had never lived in Houston. Despite hearing this testimony, the habeas court concluded that appellant had not put his identity into issue. We must defer heavily to that determination. *Roldan*, 418 S.W.3d at 145. When asked whether he had any reason to believe that appellant was not the person wanted for fraud in Iowa, the witness said that he had "no idea." Further, Iowa's application for requisition, approved by the governor's warrant, lists appellant's location as Sugar Land, where appellant says that he has always lived. In light of the record before us, it does not appear that the habeas court abused its discretion in denying relief even after Rhodes attempted to put his identity at issue. We overrule appellant's third issue.

■ Finally, appellant argues that the habeas court erred in not allowing him to cross-examine Robert Sand, the Iowa as-

sistant attorney general who signed the identifying affidavit contained in the governor's warrant packet. Appellant argues that he was entitled to cross-examination under the Supreme Court's decision in *Crawford v. Washington*, which held that testimonial hearsay is inadmissible at trial unless the declarant is unavailable and there has been a prior opportunity for cross-examination. 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Appellant alleges that Sand's identifying affidavit was "inconsistent and conclusory" and that he should have been allowed to confront Sand regarding this affidavit testimony at the habeas hearing, as a defendant would be entitled to do at trial.

The question before us is one that has not been answered post-*Crawford*—whether the robust protection of the Sixth Amendment's Confrontation Clause applies to the proceeding undertaken in this case. In 1975, the Court of Criminal Appeals explicitly held that it did not, saying that "the constitutional provision that [a defendant] is entitled to be confronted with the witnesses against him for cross-examination is not applicable" in a habeas corpus proceeding challenging extradition. *Ex parte Martinez*, 530 S.W.2d 578, 581 (Tex.Crim.App.1975). The court explained that because guilt is not at issue in this summary, preliminary proceeding, "the court is not to be governed by technical rules as in the case of a trial for a crime." *Id.*

Appellant quotes extensively from *Crawford*, urging us to apply this "bedrock procedural guarantee" to this proceeding. 541 U.S. at 41, 124 S.Ct. 1354. However, nothing in the passages appellant offers us, or in the *Crawford* opinion as a whole, indicates that the Court intended to apply this protection to a proceeding in which guilt is not the main inquiry. The Court's precedent in *Doran* states clearly that the extradition proceeding is, in keeping with the text of the Constitution's Extradition Clause, intended to be a "summary and mandatory executive proceeding" that is "but one step in securing the presence of the defendant in the court in which he may be tried." *Doran*, 439 U.S. at 288, 99 S.Ct. 530. "In no manner" does it "determine[ ] the question of guilt." *Id.* The sole purpose of the habeas proceeding is to test the legality of the warrant on its face to ensure compliance with constitutional and statutory law, not to test the veracity of the assertions therein. That task belongs to the courts of the demanding states, not the asylum state. We overrule appellant's fourth issue.

## Conclusion

Viewing the facts in the light most favorable to the habeas court's ruling, we conclude that the court did not abuse its discretion in denying relief and upholding the extradition as legal. The judgment of the habeas court is affirmed.

