

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00377-CR

**RALPH DEWAYNE WATKINS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D36507

## ORDER ON REHEARING

Appellant's motion for rehearing was filed on July 30, 2018. In the motion, appellant specifically argues that the Court should address the issue of whether a motion for continuance is necessary to preserve an issue for appellate review regarding the State's failure to produce arguably responsive documents in response to a proper discovery request. Specifically, appellant contends that the issue of the procedure necessary to preserve an issue for appellate review is important to the bench and bar for

future article 39.14 cases and should be addressed in the Court's opinion in this proceeding. By failing to address the preservation issue, the appellant contends we have violated Texas Rule of Appellate Procedure 47.1 by failing to address an issue necessary for disposition of the appeal. *See* TEX. R. APP. P. 47.1. While we agree that the issue is important, we do not believe that it is necessary to a disposition of the appeal.

It is very common for an appellate court to skip a preservation argument to reach the merits of the issue so long as the disposition on the merits does not result in a reversal of the judgment. This is most often seen in opinions by the use of a phrase such as, "assuming without deciding that the issue was preserved for appellate review" or similar phrases. *See e.g. Ransom v. State*, 789 S.W.2d 572, 585 (Tex. Crim. App. 1989) ("Assuming without deciding that appellant's general objection was sufficient to preserve the issue for our review, we hold that the trial court's instruction to disregard was sufficient to cure any error."); *Lamerand v. State*, 540 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) ("Assuming without deciding…that [appellant] preserved the error, any error in admitting the report was harmless…."); *Ex parte Roldan*, 418 S.W.3d 143, 146 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Assuming, without deciding, appellant preserved error on his contention, we conclude it lacks merit."); *Sanders v. State*, 346 S.W.3d 26, 35 (Tex. App.—Fort Worth 2011, pet. ref'd) ("Assuming without deciding [appellant] has preserved this issue for our review, … the trial court did not abuse its discretion…."); *Luna v. State*, 301 S.W.3d 322, 326 (Tex. App.—Waco 2009, no pet.)

("Assuming without deciding that this issue is preserved for appellate review …, we agree … that the error was harmless."); *Revels v. State*, 334 S.W.3d 46, 55 (Tex. App.—Dallas 2008, no pet.) ("Assuming without deciding that appellant's second issue was preserved for review," the issue was overruled.). This is most often done when the disposition on the merits is more efficient because the law on the merits is clear and the question of whether the issue is properly preserved is not, either factually or legally. However, if the review of the merits would result in a reversal, then a determination of whether the issue is preserved is necessary to the disposition of the appeal. *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (appellate court may not reverse conviction without first addressing error preservation); *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); (same) *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010) (same). In this appeal, the disposition on the merits results in an affirmance of the trial court's judgment and therefore a ruling on the preservation analysis is not necessary to the disposition.

We do not disagree with appellant that there is a significant issue regarding the proper manner of preserving an objection to the State's failure to produce responsive documents in discovery pursuant to article 39.14. But we need not resolve that issue in this case. Until the issue is definitively resolved, the careful litigant will undoubtedly proceed until the litigant obtains an adverse ruling (object, move to strike, move for a

mistrial) and also move for a continuance to have time to investigate and prepare a response to the untimely production of the responsive discovery.

Based on the foregoing, we overrule the Appellant's July 30, 2018 motion for rehearing.[1]

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Motion denied
Order issued and filed August 22, 2018
Publish



---

[1] In this proceeding and in *Carrera v. State*, 10-16-00372-CR, an Amicus Curiae Brief on Rehearing has been received. The brief asks the Court to reconsider the Court's analysis and holding regarding the determination of the meaning of "material" as used in article 39.14 after the passage of the Michael Morton Act. *See* TEX. CODE CRIM. PROC. art. 39.14, as amended by Acts 2013, 83rd Leg., ch. 49, § 2, p. 106, eff. Jan. 1, 2014. While we generally agree that a sea change in criminal discovery was anticipated, and probably intended as a result of the passage of the amendments, the legislature's writings do not always accomplish what was intended and further amendment is thus required. The legislature did not change a term in the existing statute that had already been interpreted by the State's highest court in criminal matters. As we explained in our opinion, we do not write on a clean slate. If we did, we may very well utilize the interpretive tools and analysis suggested by the Amicus Curiae on rehearing as well as the Amicus Curiae brief on original submission filed by the State Prosecuting Attorney. But we are bound by the prior holding and interpretation of the definition of "material" by this State's highest court on criminal matters. Accordingly, we decline the invitation of the Amicus Curiae to revisit our analysis and holding of the meaning of "material" as used in article 39.14.

Watkins v. State                                                                                                    Page 4