**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00311-CR

———————————

## EX PARTE THOMAS A. DAIGLE, Appellant

On Appeal from the 253rd District Court
Chambers County, Texas
Trial Court Case No. 20DCR0250

## MEMORANDUM OPINION

Appellant, Thomas A. Daigle, appeals from the denial of his application for writ of habeas corpus demanding the State establish proof evident to justify his confinement without bail and requesting the court to set reasonable bail. We reverse.

## Background

Appellant was indicted for the offense of capital murder involving the death of Scott Privat ("Privat"). Appellant filed an application for writ of habeas corpus, claiming that he was illegally confined and restrained in the Chambers County jail and the State had made no motion to deny bond nor had the trial court held a hearing or entered an order denying bond as contemplated by Article I, Section 11 of the Texas Constitution. Appellant claimed that he had the assets to post a bond in the amount of $50,000.00 and asked the trial court to grant the writ and discharge him with a bond set in the amount of $50,000.00. The clerk's record includes no response by the State to appellant's application for writ of habeas corpus.

The clerk's record contains no separate motion to set bond, but the hearing record indicates one was filed. Both the motion to set bond and the application for writ of habeas corpus requested the setting of a reasonable bond and the trial court considered both the motion and writ during a hearing held on May 24, 2021. At the outset of the hearing, the trial court stated that under Article I, Section 11 of the Texas Constitution, all prisoners are entitled to bail "unless for capital offenses, when the proof is evident . . . ." Because appellant was charged with capital murder, the trial court observed that it could deny bail only if the State met its burden to establish that the proof is evident that appellant committed the murder.

The State asked that the trial court deny bail, but if the trial court was inclined to grant bail, that it set it somewhere near one million dollars, rather than the $50,000.00 requested by the defendant. The State asserted its reluctance to put on live witnesses at the pretrial hearing, but it offered into evidence the probable cause affidavit supporting the issuance of the warrant for appellant's arrest.

The probable cause affidavit states that police found Privat's dead body, covered in blankets under a residential carport. The affidavit relates information obtained from interviews conducted with the mother of appellant's girlfriend, appellant's employer, and a friend of appellant. [1]

The mother of appellant's girlfriend reported that, while she was living at appellant's house, appellant left the house one night in March 2020 to commit a theft and returned with $12,000 in two white envelopes and a pink revolver. She claimed that appellant admitted to killing Privat and stealing the gun.

Appellant's employer was an electrical installation subcontractor, who hired appellant as a day laborer, and he reported that they performed electrical work for several weeks at Privat's residence. Appellant's employer stated that, although appellant worked at Privat's residence on March 18, 2020, the day before the crime

---

[1] In keeping with the policy of the Court of Criminal Appeals, we "refrain from stating the facts at length and of expressing a conclusion as to the sufficiency of the evidence to show the defendant's guilt." *Ex parte Paul*, 420 S.W.2d 956, 957 (Tex. Crim. App. 1967). "The purpose of such policy is that the trial should proceed without pre-judgment by this Court." *Id.*

occurred, appellant refused to return to Privat's property on March 19, 2020. The employer further reported that appellant's girlfriend's father told him the appellant admitted killing and robbing Privat.

Based on cell-site location data, the affidavit states that appellant used his cell phone near the incident location on March 18, 2020. Appellant's cell phone showed calls on March 18, 2020 to a friend, who told police that appellant had asked him to "hit a lick" with him, but he declined to participate. The friend said that he met appellant a few days later and appellant told him he shot at Privat's truck, killed the victim, covered him with two blankets, and looked for firearms in the home. The probable cause affidavit noted that the information regarding two blankets and "defects" (gunshots) in the truck were previously known only to law enforcement.

The State argued that the safety of the community and the heinous nature of the crime weighed in favor of denying bond. Appellant's counsel objected to the State's probable cause affidavit based on hearsay and appellant's Sixth Amendment right to confrontation. The trial court overruled appellant's objections and admitted the probable cause affidavit into evidence.

Appellant's counsel argued that the State had not met its burden of showing that the proof is evident that appellant had committed capital murder or that he would receive the death penalty for the offense. Defense counsel also argued that appellant's connections to the community and lack of criminal history supported the

4

likelihood that he was not a threat to the community and would appear for all his court dates. Defense counsel requested that bail be set at $50,000.00.

The trial court concluded that the requirements had been met to show that the proof is evident that appellant committed the crime, as required by Article I, Section 11 of the Texas Constitution. The trial court further held that no evidence of the defendant's ability to make bond or his ties to the community had been offered. Finding that the proof was evident, the trial court denied bond.

On June 4, 2021, the trial court signed an order setting bond at "No Bond." The order stated that, after holding a hearing on both the motion to set bond and the writ of habeas corpus, the trial court denied both requests. Appellant then filed a notice of appeal.

**Applicable Legal Principles**

"The primary purpose for setting bail is to secure the presence of the defendant in court at his trial." *Montalvo v. State*, 315 S.W.3d 588, 593 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Bail should be set sufficiently high to give reasonable assurance that the accused will comply, but not so high as to constitute an instrument of oppression. *See id.*

Article I, Section 11 of the Texas Constitution provides:

All prisoners shall be bailable by sufficient sureties, unless for capital offences, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law.

TEX. CONST. art. 1, § 11. This provision indicates that capital cases are exceptions to the right to bail, for which the decision to deny bond requires proof evident by the State that the defendant committed the offense. *Ex parte Wilson*, 527 S.W.2d 310, 311 (Tex. Crim. App. 1975); *see also Beck v. State*, 648 S.W.2d 7, 9 (Tex. Crim. App. 1983).

The State opposed the setting of bond and thus, had to establish "proof evident" that a capital crime had been committed. *Ex parte Graves*, 853 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). "To establish 'proof evident,' the State has the burden to prove, by clear and strong evidence, leading to a well-guarded and dispassionate judgment, each element of a three-part test: (1) the offense of capital murder has been committed; (2) the accused is the guilty party; and (3) the accused will be convicted and the jury will assess the penalty at death." *Id.*

**Analysis**

Appellant challenges the trial court's denial of his application for writ of habeas corpus based on (1) the trial court's consideration of the probable cause affidavit over appellant's hearsay objection; (2) the trial court's consideration of the probable cause affidavit over appellant's objection that it violated his Sixth Amendment right to confrontation; and (3) the trial court's determination that there was proof evident to justify denying appellant bail.

6

To meet its burden of proof, the State provided the indictment against appellant and the probable cause affidavit supporting appellant's arrest for capital murder. Appellant objected to the probable cause affidavit on the ground that it contained hearsay and asserted that the affidavit violated his Sixth Amendment right to confrontation. Appellant's counsel argued that pursuant to Texas Rule of Evidence 101, the Texas Rules of Evidence applied to the proceedings before the court. The State did not contest the applicability of the Rules of Evidence, nor did it offer any hearsay exceptions under which the probable cause affidavit could be admitted. It also did not respond to appellant's Sixth Amendment challenge.

On appeal, appellant first contends that consideration of the probable cause affidavit was error because the affidavit is inadmissible based on hearsay and the Sixth Amendment. The State does not address this point or provide any meaningful analysis in response to appellant's arguments. It merely states, without more, that the trial court "did not abuse its discretion in denying Appellant's Writ . . . and any error was non-constitutional and did not substantially affect Appellant's rights."

Because we apply an abuse of discretion standard in reviewing a trial court's decision to deny an application for writ of habeas corpus, we will consider whether the trial court abused its discretion in overruling appellant's objections and considering the probable cause affidavit. *See Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Rule 101 of the Texas Rules of

7

Evidence provides that the Rules of Evidence apply to all proceedings in Texas courts except certain listed exceptions, one of which is bail proceedings "other than hearings to deny, revoke, or increase bail." *See* TEX. R. EVID. 101(e)(3)(C).

Relying on the predecessor to Rule 101(e)(3)(C), we held in *Ex parte Graves* that the Texas Rules of Evidence apply to proof evident hearings and corresponding writs of habeas corpus seeking release on reasonable bail in capital murder cases because these are proceedings to deny bail. *See* 853 S.W.2d at 703–04.

In *Graves*, the defendant, just like appellant in this case, was indicted for the offense of capital murder and confined without bond. *See id.* at 702–03. Graves filed an application for writ of habeas corpus seeking release on reasonable bail and, after a proof evident hearing, the trial court denied bail. *See id.* at 703. On appeal, Graves argued, among other things, that the trial court had "erred in admitting certain alleged hearsay statements" at the hearing. *See id.* at 704. In considering appellant's evidentiary arguments, we held that the Rules of Evidence "apply both in habeas corpus hearings and proceeding to deny bail." *Id.* at 703–04. Although we ultimately concluded that the challenged evidence was admissible, we explained that in proceedings to deny bail or hearings on a corresponding application for writ of habeas corpus, hearsay evidence is not admissible if a party properly objects. *See id.* at 704. "However, unobjected-to hearsay evidence does have probative value and should be considered in determining the sufficiency of the evidence." *Id.* Thus,

8

this Court has held that either a hearing to deny bail or a related application for writ of habeas corpus triggers application of the rules of evidence. *See id.*; *see also Ex parte Trevino*, 648 S.W.3d 436, 440 (Tex. App.—San Antonio 2021, no pet.) (stating that Rule of Evidence 101(e)(3)(C) "dictates that the Rules of Evidence apply in bond revocation proceedings or in proceedings that may result in denial of bond."); *Angleton v. State*, 971 S.W.2d 65, 67-69 (Tex. Crim. App. 1998) (applying rules of evidence in review of order denying bail in capital murder case).

The underlying proceeding was a hearing on appellant's motion and application for writ of habeas corpus to set reasonable bond, but because the State asked the trial court to deny bail, this was a proceeding under Rule 101(e)(3)(C) to deny bail, triggering application of the rules of evidence. *See Graves*, 853 S.W.2d at 703–04. At the proof evident hearing, appellant's counsel objected to the State's probable cause affidavit based on hearsay and violation of appellant's Sixth Amendment right to confrontation. The trial court overruled the objections and admitted the affidavit. Because appellant properly objected to the affidavit at the proof evident hearing, we consider his evidentiary objections on appeal. *Graves*, 853 S.W.2d at 704 (holding hearsay evidence is not admissible in proof evident hearings if a party properly objects).

Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). The evidence in the probable cause

9

affidavit consisted of statements by three persons interviewed during the investigation of Privat's murder and, thus, these statements were made out of court. "An out-of-court statement is offered to prove the truth of the matter asserted if it is relevant only to the extent the factfinder believes it to be true and accurate." *Cardenas v. State*, 971 S.W.2d 645, 650 (Tex. App.—Dallas 1998, pet. ref'd). The witnesses' out-of-court statements were offered by the State to establish proof evident that appellant committed the capital murder. Thus, the affidavit was offered to prove the truth of the matter asserted in the statements, which the State asserted were proof evident that appellant committed the alleged offense of capital murder. Based on *Graves* and Rule 801(d), we hold that the trial court abused its discretion in admitting the probable cause affidavit over appellant's hearsay objection. *See Graves*, 853 S.W.2d at 704.

The admission of inadmissible evidence is non-constitutional error, which we must disregard unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b). The State asserts that any error by the trial court in admitting the probable cause affidavit was non-constitutional and did not affect appellant's rights. We disagree. Because the probable cause affidavit was the only evidence presented by the State, and the State offered no exception to the hearsay rule under which the affidavit could have been admitted, no other evidence supports the trial court's

10

denial of appellant's application for writ of habeas corpus. Accordingly, we sustain appellant's first issue.[2]

## Conclusion

We reverse the trial court's order and remand to the trial court to reconsider appellant's request for the setting of reasonable bond. Any pending motions are dismissed as moot.

Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy. Opinion delivered by Justice Kelly.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] In his second and third issues, appellant challenges the probable cause affidavit on the ground that it denied him his right to confrontation and that it was insufficient to support a finding of proof evident. In light of our disposition of appellant's first issue, we need not address his second and third issues.