**Affirmed as Modified and Memorandum Opinion filed December 22, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00862-CR

---

## EX PARTE WOODROW MILLER

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 876249-F**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Woodrow Miller, appeals the trial court's October 9, 2014 order dismissing his sixth application for writ of habeas corpus—876249-F. Appellant raises eight issues on appeal.

In his first three issues, appellant argues that the trial court failed to resolve his current application. Appellant first points out that the State's answer was untimely. Nevertheless, the trial court had the authority to deny his application as frivolous even without an answer. Appellant further maintains that because the court's October 9th order refers to writ of habeas corpus application 876249-A in

one place and application 876249-F in other places, his sixth application—876249-F—remains pending. We conclude that the trial court intended to dismiss the application 876249-F as frivolous and that the order can be modified to reflect this intent.

In his fourth issue, appellant argues that when the trial court took judicial notice of its entire file, the deferred-adjudication order and subsequent conviction for indecency with a child became void for lack of supporting evidence. Appellant's fourth issue goes beyond a challenge to the trial court's deferred adjudication order, as it also attempts to challenge appellant's conviction. We do not have jurisdiction to address an argument that appellant's conviction and sentence are void. As to appellant's argument regarding the deferred adjudication order, we disagree that the trial court's act of taking judicial notice voided that order.

In his last four issues, appellant attempts to litigate matters regarding two previous writ applications—876249-D and 876249-E. Appellant's appeal of the denial of application 876249-D was unsuccessful. Our record does not indicate that appellant sought an appeal from the dismissal of application 876249-E. Because our review is limited to the application before us on appeal, we do not reach any issues challenging the denial of appellant's fourth and fifth applications. Therefore, we affirm the trial court's October 9th order dismissing appellant's application for writ of habeas corpus.

## BACKGROUND

On May 20, 2002, appellant pled nolo contendere to the offense of indecency with a child. Pursuant to a plea bargain, appellant was placed on seven years' deferred-adjudication probation. On June 19, 2002, appellant timely appealed. Thereafter, appellant moved to withdraw his appeal, which the trial

2

court granted by order on June 27, 2002. Because the trial court granted appellant's motion to withdraw, the district clerk did not forward appellant's notice of appeal. Appellant filed a mandamus petition with this Court in June 2004, stating that the district clerk violated the mandatory duty to forward appellant's notice of appeal. We granted relief, and the district clerk subsequently forwarded appellant's 2002 appeal. In September 2004, this Court dismissed appellant's appeal in light of his prior motion to withdraw. *Miller v. State*, No. 14-04-00740-CR, 2004 WL 2187136, at \*1 (Tex. App.—Houston [14th Dist.] Sep. 30, 2004, pet. ref'd) (mem. op., not designated for publication).

Appellant filed a second notice of appeal in March 2006, contesting the trial court's May 20, 2002 deferred adjudication order. This Court dismissed appellant's appeal for lack of jurisdiction. *Miller v. State*, No. 14-06-00293-CR, 2006 WL 1140661, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication).

In September 2006, appellant filed his initial application for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. The trial court denied this application in June 2007. Appellant filed his second application for writ of habeas corpus in February 2008. The trial court denied the application and we affirmed. *Ex parte Miller*, No. 14-07-00532-CR, 2008 WL 1795053, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 22, 2008, pet. ref'd) (mem. op., not designated for publication).

On October 17, 2008, following the State's motion to adjudicate guilt, appellant's guilt was adjudicated and he was sentenced to four years in prison. Appellant filed his fourth application for writ of habeas corpus, which was denied

as frivolous on October 30, 2008.[1]  Appellant's appeal from that denial was dismissed as untimely.  *Ex parte Miller*, No. 14-12-00434-CR, 2012 WL 6018081 at *1(Tex. App.—Houston [14th Dist.] Dec. 4, 2012, pet. ref'd) (mem. op., not designated for publication).

In November 2012, the trial court signed a judgment nunc pro tunc correcting a clerical error in the October 30, 2008 order on appellant's fourth application.  Appellant timely filed a notice of appeal from the nunc pro tunc judgment, and we affirmed.  *Ex parte Miller*, No. 14-12-01141-CR, 2013 WL 3874983 at *1 (Tex. App.—Houston [14th Dist.] Feb. 28, 2013, no pet.) (mem. op., not designated for publication).  Appellant did not appeal the denial of his fifth application—876249-E.

Appellant's sixth application[2] for a writ of habeas corpus was filed under Article 11.072 on March 15, 2006, prior to the adjudication of his guilt.  For reasons not disclosed in the record, the application was not processed before the adjudication of guilt and the dismissals of appellant's fourth and fifth applications.  On October 9, 2014, the trial court dismissed appellant's sixth application as frivolous because the merits of appellant's challenges to the deferred-adjudication order had been reviewed.  This appeal followed.

## ANALYSIS

### I.    Standard of Review

We review the dismissal of a habeas corpus application under an abuse-of-discretion standard and consider "the facts in the light most favorable to the

---

[1] Appellant filed a third application for writ of habeas corpus in July 2008—876249-C. Our record in this appeal does not contain the order denying that application.

[2] While we refer to the application at issue in this appeal as appellant's sixth application, chronologically it would have been appellant's third application for writ of habeas corpus.

4

[habeas court's] ruling." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The applicant must put forth facts establishing, by a preponderance of evidence, that he is entitled to relief. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In a habeas corpus proceeding, the trial judge is the sole finder of fact, and we therefore afford almost complete deference to the trial court's determination of historical facts supported by the record. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Reed*, 402 S.W.3d 39, 42 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The same deference is given to the trial court's "application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor." *Ex parte Reed*, 402 S.W.3d at 42. If the resolution of those determinations falls on the "application of legal standards, we review the habeas court's determination de novo." *Id.*

## II. The trial court had authority to deny appellant's application as frivolous notwithstanding the State's untimely answer.

In his first issue, appellant maintains that the trial court should have stricken the State's Answer and Proposed Findings of Fact and Conclusions of Law. According to appellant, those filings were untimely.

Subsequent to the filing of an application for a writ of habeas corpus, an applicant must serve a copy of the application on the State's attorney. Tex. Code Crim. Proc. Ann. art. 11.072 § 5(a) (West 2015). The applicant may satisfy this requirement in one of two ways: "by either certified mail, return receipt requested, or personal service." *Id.* Upon service, the State may file an answer to the application, but it is not required to do so. *Id.* § 5(b). If the State files an answer, it must do so no later than the "30th day after the date of service." *Id.* § 5(c). In the

event that the State seeks to file an answer beyond the specified deadline, the trial court may grant a 30-day extension for good cause shown. *Id.* The trial court must "enter a written order [either] granting or denying the relief sought" within 60 days of the State's answer. *Id.* §6(a). But, if the court concludes "from the face of the application [that] the applicant is manifestly entitled to no relief," then the court must make "a written order denying the application as frivolous." *Id.* §7(a). "The court may require the prevailing party to submit a proposed order." *Id.*

Appellant contends the State's answer and proposed findings were untimely because they were filed "more than 8 years late." The record shows that the State's Original Answer and Proposed Findings of Fact and Conclusions of Law were filed on October 8, 2014. Appellant argues that the State was provided notice on two different dates—January 11, 2011 and February 4, 2014. The document appellant submitted regarding the January 11, 2011 date of service refers to cause number 876249-E, not 876249-F. The February 4, 2014 proof of service is a fax cover sheet, which shows that the State received application 876249-F on February 4, 2014. Thus, the State's answer was late by about seven months, not eight years.

Nevertheless, the trial court had authority to deny appellant's application as frivolous pursuant to Article 11.072, section 7(a). Under that section, the trial court may deny an application as frivolous without an answer, and it may require the prevailing party to submit a proposed order. Appellant does not dispute on appeal that his application showed he was manifestly entitled to no relief, as the issues raised were the same as those raised in his first three applications for writ of habeas corpus.[3] Issue one is overruled.

---

[3] In his latest application, appellant merely seeks to raise claims and challenges that have already been resolved in prior applications. *See Ex parte Miller*, No. 14-07-00532-CR, 2008 WL 1795053, at *1–2 (Tex. App.—Houston [14th Dist.] Apr. 22, 2008, pet. ref'd) (mem. op., not designated for publication). Specifically, appellant argues that (1) the State failed to charge him

**III.    The trial court's order resolved appellant's sixth application for writ of habeas corpus.**

In his next two issues, appellant points out that the trial court's October 9th order dismissing his sixth application—which was given the cause number 876249-F— provides: "the instant habeas application, cause number 0876249-A, [should] be dismissed because the application is frivolous." Appellant contends that because of this mistake, his sixth application remains pending.[4] We disagree.

Under Texas Rule of Appellate Procedure 43.2(b), an appellate court "may modify the trial court's judgment and affirm it as modified." Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Haggerty v. State*, 429 S.W.3d 1, 12 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). A court of appeals may modify an erroneous judgment and affirm it as modified if the court has "necessary data and evidence" before it. *Nicholas v. State*, 56 S.W.3d 760, 767 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The purpose of such authority is to make the record "speak the truth when the matter has been called to [the court's] attention by *any* source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (emphasis added). Appellant's issue presents this Court with such a situation.

---

with a crime; (2) the judge was not authorized to sign the community supervision orders; (3) his plea was involuntary; and (4) he did not receive effective representation because lack of preparation by his attorney of record forced him to enter a plea of nolo contendere and forego a jury trial. A writ of habeas corpus is an extraordinary remedy and appellant cannot use such remedy to re-litigate matters already resolved or that appellant could have, but did not, raise in a direct appeal. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). Further, appellant has failed to show that either (1) such claims or issues have not been or could not have been presented previously; or (2) the factual or legal claims were unavailable when his original application was filed. Tex. Code Crim. Proc. Ann. art. 11.072 § 9(a) (West 2015). Therefore, the requirements under 11.072 were not met.

[4] Appellant also contends in his third issue that the trial court's order is interlocutory because it failed to dispose of his prior habeas applications. As discussed in the background section, however, these applications were disposed of in other orders.

On October 9, 2014, the trial court adopted the State's Proposed Findings of Fact and Conclusions of Law filed in cause number 876249-F—the cause number assigned to the sixth application at issue here. The caption on the order reflected that the proposed order was for cause number 876249-F. In the second sentence, however, the court "recommends that the instant habeas application, cause number 0876249-A, be dismissed because the application is frivolous." The court goes on to state that "the instant application is dismissed because there has been a previous merits review of the applicant's grounds," which were "raised in his previous challenges to the order of deferred adjudication in cause numbers 876249-A, 876249-B, and 876249-C." The order then concludes: "By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law and Order in cause number 0876249-F."

Although appellant argues that the mistake left his sixth application, cause number 876249-F, unresolved, the rest of the order—including the caption, the concluding sentence, and the reference to 876249-A as a "previous challenge[]"— make clear the trial court's intent to dismiss cause number 876249-F. This Court has the information available to it to modify the order so that the record correctly reflects the trial court's disposition. We therefore modify the first reference in the order to "0867244-A" so that it says "0867244-F." We overrule appellant's second and third issues.

## IV. Taking judicial notice of the trial court's file did not void the appellant's conviction for indecency with a child.

In his fourth issue, appellant notes that during the hearing on the State's motion to adjudicate, the trial court took judicial notice of the trial court's file, which included allegations by appellant that there was no evidence to support the order deferring adjudication or his conviction. As a result, appellant contends, the

order deferring adjudication and his October 17, 2008 conviction became void.

We first address appellant's contention that the trial court's judicial notice of its file renders his conviction void. We do not have jurisdiction to address the part of appellant's fourth issue asserting that his conviction is void. *See* Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that Court of Criminal Appeals is "only court with jurisdiction in final post-conviction felony proceedings"). We do have jurisdiction to address appellant's contention that judicial notice voided the order deferring adjudication, and we conclude that appellant is incorrect. Prior to the State's closing argument in the hearing on the motion to adjudicate guilt, the attorney for the State requested that the trial court take judicial notice of the court's entire file. The trial judge then asked if the State desired the court to take judicial notice of the primary case as well as appellant's previous habeas corpus applications—876249-A, 876249-B, and 876249-C. The State agreed that judicial notice "would include any post-plea direct appeals or writs of the habeas corpus files."

We have held that a trial court is permitted to take judicial notice of its "own orders, records, and judgments rendered in cases involving the same subject matter and between practically the same parties." *Resendez v. State*, 256 S.W.3d 315, 323 (Tex. App.—Houston [14th Dist.] 2007), *rev'd on other grounds*, 306 S.W.3d 308 (Tex. Crim. App. 2009). During the hearing, the trial judge took judicial notice of the files in the record, not the factual allegations asserted within the documents contained in those files. Although the record contained appellant's repeated assertions that there was no evidence to support his conviction, such allegations were not judicially noticed. "Assertions made by an individual, even under oath, are not generally the type of facts capable of accurate and ready determination by a

9

source whose accuracy cannot reasonably be questioned." *Id.* at 324. Appellant's allegations are neither capable of accurate and ready determination, nor are they from a source whose accuracy cannot reasonably be questioned. *Id.* Further, such allegations do not fall within the ambit of adjudicative facts. *See* Tex. R. Evid. 201(b)(1)–(2). The trial court's action of taking judicial notice of the contents of its file therefore did not void the trial court's order deferring adjudication. We overrule appellant's fourth issue.

## V. Appellant may not use his sixth habeas corpus application to relitigate matters from his fourth and fifth applications.

Appellant's final four issues refer to his fourth and fifth applications for writ of habeas corpus—876249-D and 876249-E. The trial court dismissed application 876249-D as frivolous on October 30, 2008. Appellant failed to appeal that decision timely, and he unsuccessfully appealed from the judgment nunc pro tunc on application 876249-D. *Ex parte Miller*, No. 14-12-01141-CR, 2013 WL 3874983 (Tex. App.—Houston [14th Dist.] Feb. 28, 2013, no pet.) (mem. op., not designated for publication); *Ex parte Miller*, No. 14-12-00434-CR, 2012 WL 6018081, at *1(Tex. App.—Houston [14th Dist.] Dec. 4, 2012, pet. ref'd) (mem. op., not designated for publication). Appellant did not appeal the trial court's dismissal of application 876249-E. Appellant cannot use this appeal to challenge issues pertaining to applications 876249-D and 876249-E. As such, we are without authority to review these matters.[5] Appellant's fifth, sixth, seventh, and eighth issues are overruled.

### CONCLUSION

Having overruled appellant's issues on appeal, we hold the trial court did not

---

[5] Moreover, to the extent applications 876249-D and 876249-E challenge the trial court's judgment adjudicating appellant's guilt and sentencing him to prison, we are without jurisdiction to consider such challenges. *See* Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 3.

abuse its discretion when it dismissed appellant's sixth application for writ of habeas corpus. We modify the trial court's October 9, 2014 order to delete the first reference to "0876249-A" and replace it with "0876249-F," and we affirm the order as modified.


/s/    J. Brett Busby
           Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).